# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT BARFIELD, ET AL<br><br>Plaintiff,<br><br>v.<br><br>SCOTT SEMPLE<br><br>Defendant | No. 3:18-cv-1198 (MPS) |

## RULING AND ORDER

On July 19, 2018, the Plaintiff filed a complaint for declaratory and injunctive relief against Scott Semple in his official capacity as the Commissioner of the Connecticut Department of Correction. ECF No. 1. On September 28, 2018, the Defendant filed a motion to strike class action allegations from the complaint, ECF No. 13, and a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 14. The Court subsequently permitted the Plaintiff to file an amended complaint, ECF No. 15, and gave the Plaintiff until November 20, 2018 to do so, ECF No. 17. On November 20, 2018, the Plaintiff filed a motion for leave to amend the complaint, ECF No. 23, and a motion to join Commissioner Semple in his individual capacity and four additional plaintiffs, ECF No. 24. The Defendant opposes both motions. ECF Nos. 28 & 29.

For the reasons stated below, the motion to amend and the motion for joinder are hereby GRANTED.

### I.  Motion to Amend the Complaint

The Court previously authorized the filing of an amended complaint by November 20, 2018—the date Plaintiffs filed the motion to amend and the motion for joinder. ECF Nos. 15 &

17. Moreover, Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with "the court's leave" and instructs the Court to "freely give leave when justice so requires."

The Defendant argues that the amended complaint fails to comply with Federal Rule of Civil Procedure 8. ECF No. 28. This rule provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Plaintiffs' proposed amended complaint is lengthy, "long and involved complaints do not per se fail to pass the test of sufficiency under Rule 8." *Burke v. Dowling*, 944 F. Supp. 1036, 1049 (E.D.N.Y. 1995) (citing *Karlinsky v. New York Racing Ass'n*, 52 F.R.D. 40, 43 (S.D.N.Y.1971)). "Rule 8 is designed primarily to ensure that courts and adverse parties can understand a claim and frame a response to it." *Ibid*. Here, the Defendants argue that the proposed amended complaint contains irrelevant and unnecessary allegations about medical issues and interactions with non-defendants. ECF No. 28 at 3-4. However, such assertions are not irrelevant to allegations of deliberately indifferent medical care, which may require an understanding of a person's medical history, or to allegations of a failure to supervise, which may require an understanding of interactions with subordinates.

The Defendant further argues that the proposed amendments, especially those related to money damages claims, are futile. "[W]hile 'futility' is a valid reason for denying a motion to amend, this is true only where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Pangburn v. Culbertson*, 200 F.3d 65, 70–71 (2d Cir. 1999) (internal quotation marks and citations omitted). Here, the Defendant argues the amendments are futile because there is no *respondeat superior* liability, no standing, and the Defendant's actions would be entitled to qualified immunity. Turning first to *respondeat superior* liability, the

Defendant concedes that the Second Circuit has not repudiated its holding in *Colon v. Coughlin*, 58 F.3d 865 (2d Cir. 1995), meaning the supervisory liability can be shown in the following ways:

> (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

*Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003). At least absent full briefing under Rule 12(b)(6), the Defendant does not show that the Plaintiffs fail to allege failure to supervise under this law. Similarly, with regard to standing, the Defendant cannot make this showing in light of the Plaintiffs' claim for compensatory and punitive damages. Finally, the Defendant argues that in the context of this case, "any proposed complaint that includes money damages would be subject to a motion to dismiss and the money damages claims would be barred by qualified immunity." ECF No. 28 at 14. However, a determination about qualified immunity at this stage of litigation would be premature and the Defendant does not meet the high standard required to show futility.

Thus, the Plaintiffs' motion to amend is GRANTED without prejudice to the filing of a motion to dismiss.

### II. Motion for Joinder

The Defendant opposes the joinder of Commissioner Semple in his individual capacity. ECF No. 29. Federal Rule of Civil Procedure 20(a)(2) provides that defendants may be joined in one action if the following requirements are met:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action. While the Court is sympathetic to the plight of the soon-to-be retired Commissioner, the same set of facts provide the foundation for the individual and official capacity claims, and permissive joinder is therefore appropriate.

The Defendant "does not oppose joinder of the putative plaintiffs Barberi, Knapp, Davis and Tatem, except to the extent that they too seek individual money damages." ECF No. 29 at 3. Since the claim for money damages may proceed, as discussed above, joinder of the putative plaintiffs is appropriate.

### III. Conclusion

The motion to amend, ECF No. 23, and the motion for joinder, ECF No. 24, are hereby GRANTED. As such, the motion to strike, ECF No. 13, and the motion to dismiss, ECF No. 14, are DENIED AS MOOT.

IT IS SO ORDERED.

/s/   MICHAEL P. SHEA
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           December 18, 2018