UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT BARFIELD, ET AL., | : | CIVIL NO. 3:18-CV-1198 (MPS) |
| *Plaintiffs*, | : | |
| | : | |
| V. | : | |
| | : | |
| ROLLIN COOK, | : | |
| *Defendant*. | : | NOVEMBER 6, 2020 |

## <u>JOINT NOTICE OF PROPOSED AMENDED SETTLEMENT AGREEMENT</u>

Pursuant to the negotiations of the parties under the supervision of the Honorable Magistrate Judge Sarah A.L. Merriam, (the "Settlement Judge"), the parties are pleased to report that they have reached a proposed *amended* settlement  agreement, subject to pre-liminary and final approval, after a Rule 23 Fed. R. Civ. P. fairness hearing.  The parties re-spectfully represent that the agreement is to end by its own operation, on March 1, 2022, with quarterly reporting to Judge Merriam. The parties will file an appropriate Motion for an Order Giving Notice to the Class, seeking approval of the Notice to the Class, and asking the Court to schedule a fairness hearing.   The parties respectfully represent that the agreement is fair, reasonable and adequate.  A copy of the proposed Settlement Agree-ment is attached hereto.  See Attachment A.

| | |
|---|---|
| PLAINTIFFS | DEFENDANT |
| Robert Barfield, et al. | Rollin Cook |
| | |
| | WILLIAM TONG |
| | ATTORNEY GENERAL |
| | |
| By:___/s/_____ | By:_____/s/_____ |
| Kenneth J. Krayeske | Terrence M. O'Neill, #ct10835 |
| Kenneth J. Krayeske Law Offices | Assistant Attorney General |
| 255 Main Street, 5th flr. | 110 Sherman St. |
| Hartford, CT  06106 | Hartford, CT 06105 |
| C: 860-995-5842 | Tel. 860-808-5450 |
| F: 860-760-6590 | Fax: 860-808-5591 |
| attorney@kenkrayeske.com | terrence.oneill@ct.gov |

FOR PLAINTIFFS                              FOR THE DEFENDANT


_____/s/_____                   BY:_____/s/_____
DeVaughn Ward                               Steven R. Strom
Ward Law LLC                                Assistant Attorney General
255 Main Street, 5th flr.                   110 Sherman Street
Hartford, CT 06106                          Hartford, CT 06105
Tel: 860-351-3047                           Federal bar #ct01211
Email: dward@attyward.com                   Tel.:  (860) 808-5450
                                            Fax:  (860) 808-5591
                                            E-mail: steven.strom@ct.gov




**CERTIFICATION**

I hereby certify that on November 6, 2020, a copy of the foregoing  was emailed to

SALM_settlement@ctd.uscourts.gov.

I hereby certify that on November 6,  2020, a copy of the foregoing was filed elec-

tronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's

electronic filing system. Parties may access this filing through the Court's system.




_____/s/_____
Steven R. Strom
Assistant Attorney General

# Attachment A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT BARFIELD, et al.   ) Civ. No 3:18-CV-1198(MPS)(SALM)
 Plaintiffs,       )
            )
V.            )
            )
ANGEL QUIROS,      )
Defendant, in his official capacity as )
Commissioner,  Connecticut   )
Department of Correction    ) November 6, 2020

## PROPOSED AMENDED SETTLEMENT AGREEMENT AND RELEASE

This  Amended Settlement Agreement[1] and Release (the "Agreement") is made and entered  into  this  6th  day  of  November,  2020,  by  and  between  the plaintiff, Robert Barfield, individually and on behalf of the plaintiff class of inmates,[2] and Angel Quiros  in  his  official  capacity  as  the  Commissioner  of  the  State  of  Connecticut Department of Correction ("DOC"), (the "Parties"); the term of this Agreement shall be from the date approved by the Court (the effective date)  and shall terminate, March 1, 2022, pursuant to the termination provision set forth in Section M, *infra.*

---

[1] This amended settlement agreement is not a consent judgment and does not constitute any statement as to the merits of the plaintiffs' claims or the defendant's defenses, nor should it be construed as being a statement on the constitutional or other legal rights of the plaintiff class. Instead, it is simply a fair, reasonable and adequate resolution of the claims of the parties in light of changed circumstances and the DOC's adoption of A.D. 8.18, and the implementation of clinical guidelines of the Federal Bureau of Prisons (BOP), as may be modified from time to time by DOC, as set forth herein.

[2] The parties shall jointly file a motion to amend the class definition to include all inmates, both sentenced and unsentenced, who were, are, or will be confined in a Connecticut Department of Correction facility, since the filing of this complaint until March 1, 2022.

WHEREAS, the Parties have agreed to compromise and settle claims that exist among and between them as a result of this action to avoid further litigation and controversy.

NOW, THEREFORE, in consideration of the promises, agreements, covenants, and representations contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

## AGREEMENT

**A. Plaintiff Robert Barfield's Obligations**

1. Robert Barfield, individually, and on behalf of the class, will execute a general release and a stipulation of dismissal, with prejudice and without an award of costs or fees, pursuant to Fed. R. Civ. P. 41(a)(1).

**B.  The State's Obligations**

2. The State will pay to counsel for the plaintiff class the sum of $112,500, all in full and final settlement of this action. This sum shall include all money damages of any kind that could be claimed in this action, including but not limited to attorneys' fees and costs, from the beginning of the world to the end of time. The State of Connecticut shall refrain from collecting its statutory cost of incarceration lien, as established by Conn. Gen. Stat. § 18-85b, from the proceeds of this settlement only.

3. The defendant will maintain DOC Administrative Directive 8.18, "Hepatitis C Virus" (appended hereto and incorporated by reference herein) without revision until March 1, 2022, the date on which the state's obligations under this Agreement

2

will end, unless with 30 days prior Notice to plaintiffs' counsel and mutual consent

the parties agree to any proposed revision.

4. The DOC agrees to submit to this Court, in a docketed filing, by December 31,

   2020, a report detailing the criteria below, from August 6, 2019 to December 31,

   2020. Thereafter, the DOC will electronically file an updated report with this court

   every 90 days through March 1, 2022. The electronically filed reports shall be in a

   spreadsheet format which includes the following information:

   a. The inmate census for the last day of that period.

   b. The number of inmates tested for Hepatitis C Virus (HCV) since August

      6, 2019.

   c. The number of inmates who cumulatively tested positive for HCV that

      period, to include:

   d. The number of inmates who have refused testing for HCV

   e. The number of inmates deemed ineligible for treatment for HCV

   f. The cumulative total number of inmates taking or who have taken

      Direct Acting Antiviral (DAA) medications for the treatment of chronic

      HCV infection.

5. In addition to the reports listed above, the DOC agrees to provide the submit to this

   Court a docketed filing with the following information:

   a. For a random group of 100 inmates who have tested positive for chronic HCV and
      have not yet been treated with DAAs, the breakdown of the staging scores (i.e. F0,
      F1, F2, F3 and F4) for this group of inmates ("Group A"). This report shall be filed
      no later than December 31, 2020.
   b. For a random group of 100 inmates who have tested positive for chronic HCV and
      have been treated with DAAs, the breakdown of the staging scores (i.e. F0, F1, F2,
      F3 and F4) for this group of inmates ("Group B"). This report shall be filed no later

than December 31, 2020.

c.  For Group A, a report listing how many of this group at each staging score have been treated with DAAs by the end of the reporting period.  This report shall be filed no later than March 1, 2022.

### C.  Dispute Resolution

6.  Class Counsel and DOC agree to attempt an informal and private dispute resolution mediation with the Honorable Sarah A. L. Merriam, United States Magistrate Judge ("Settlement Judge") to resolve any disputes that may arise arising under this Agreement.

7.  If, while this Settlement Agreement is in effect, Class Counsel have reasonable grounds to believe that the DOC, based on a systemic pattern or practice of non-compliance, has failed to file the reports required in Section (C) above, or if DOC proposes or enacts revisions or changes to the Hepatitis C Protocol (A.D. 8.18) that are materially inconsistent with the Settlement Agreement and the clinical guidelines incorporated into  A.D.  8.18, and to the detriment of the class, Class Counsel will provide the DOC with a written detailed notice of potential noncompliance, setting forth the factual basis for such claim. This notice will identify, with particularity, the basis of the claim that the DOC is not in compliance, why such facts constitute a systemic pattern or practice of non-compliance, and the specific material provision of the Settlement Agreement or Hepatitis C Protocol that is implicated.

8.  Within forty-five (45) days of receipt of the notification, the DOC shall provide a good faith written response to the Plaintiffs' notification with a full factual explanation as to why the DOC believes it is in compliance with the specified material provisions, an explanation of the DOC's plans to achieve full compliance

4

with the specified material provisions, or an explanation of the bona fide medical, security, or other reasons for the alleged non-compliance.

9. It is understood between the parties that certain unforeseeable events or conditions, including but not limited to, long-term lockdowns in the DOC, changes to established treatment practices or the guidelines of the Federal Bureau of Prisons regarding medical treatment for persons with Chronic Hepatitis C, or changes in FDA regulations, may prevent compliance with this Agreement. If so, the DOC shall notify Plaintiffs' counsel of the event or condition and the parties shall enter into good-faith discussions to resolve the issues.

10.       If the parties are unable to resolve the dispute within forty-five (45) days of CT DOC's response, the parties shall notify the Settlement Judge. The Settlement Judge may, in the Court's discretion, establish such mediation procedures the Court deems appropriate. Class Counsel may seek intervention from the Court, but only after all efforts for resolving the dispute with the assistance of The Settlement Judge have been unsuccessful, by filing a motion for specific performance of the material provision identified through the aforementioned Dispute Resolution procedure. The Court, after appropriate notice, filing of moving and opposing papers, evidence and an evidentiary hearing, may order specific performance of the material provision upon a showing that the DOC is in substantial and systemic non-compliance with the material provision specified in the notice.

11.       The Plaintiffs agree they shall not file a motion for contempt.  The Court may not entertain a motion for contempt and the Court may not grant any remedial relief in the nature of a contempt of court finding against the DOC. The

sole remedy shall be, if Plaintiffs prevail on their claim of non-compliance, specific performance of this Agreement.

12.         The Plaintiffs agree not to seek any attorneys' fees and/or costs for any time spent in any portion of dispute resolution, including, but not limited to, the drafting and sending of the notice of noncompliance, reviewing DOC's response, dispute resolution with the Settlement Judge, or any motion filed with the court for specific performance of the Agreement.

## D.  NOTICE TO CLASS

13.         The DOC shall provide notice to all class members of this Settlement Agreement for a period of thirty days, in a form agreed to by the parties, approved by the court and incorporated by reference herein. Notice shall be provided to class members by:

a.   Providing written notice to each inmate at each DOC facility by distributing a copy of the notice to each inmate incarcerated on the date set by the Court for giving notice;

b.   Providing written notice to each inmate newly admitted to a DOC facility for the entire 30 day period of notice;

c.   Posting a copy of the agreed upon notice in each DOC medical unit accessible to inmates during the 30 day period of notice;  and

d.   Keeping a copy of this Agreement in each library accessible to class members for the period of this Agreement.

e.   If the Court does not approve the parties' joint motion to amend the class

definition, to include all inmates who were, are or in the future will be confined in a DOC facility, from the date of the complaint until March 1, 2022, then this Agreement shall be null and void, and none of the     provisions of this Agreement may be used for any purpose.

## E.  Best Efforts and Good Faith

14.     The Parties hereby agree to use their best efforts and good faith in carrying out all the terms of this Agreement. All of the Parties hereby agree and, where appropriate, authorize their respective counsel to execute any additional documents and take any similar procedural actions which reasonably may be required in order to effectuate the Agreement or otherwise to fulfill the intent of the Parties hereunder.

## F. Medical Evaluation, Treatment and Preventive Health and Education of Patients

15.     The DOC shall treat all inmates according to the BOP Clinical Guidelines (effective August, 2018, and as may be amended) , with adjustments made to fit the DOC as follows:

a. DOC will offer Universal Screening for HCV to all inmates, who may choose to opt-out, (in contrast to the Hepatitis C Protocol, page 1, step 1, also page 2-3);

b. DOC will use infectious disease experts to make treatment recommendations to Primary Care Providers (PCP) or to provide treatment directly (see page 1, step 4, page 8 BOP Priority Criteria for HCV Treatment);

c. DOC will offer treatment despite risk behavior (Page 9, Other Criteria for Treatment); and

d. DOC will use directly observed therapy (DOT) to monitor compliance rather than 2 week clinical visit (page 16, On-Treatment Monitoring).

16.      Class Members have the right to refuse screening, staging, or any other related health services interventions, including DAA treatment, but they shall be counseled by a health care professional regarding the risks of refusing treatment and the benefits of DAA treatment. These Class Members shall continue to be monitored under the terms of the Hepatitis C Protocol and may request DAA treatment at any time during the course of their incarceration. Upon such a request, the Class Member shall be   evaluated for DAA treatment  in accordance with the BOP clinical guidelines.

17.     The  DOC shall make reasonable efforts to  provide all Class Members who have chronic HCV infection and who  do not receive DAA treatment, before their release from custody, if their release date is readily ascertainable,  with pertinent information about their Hepatitis C condition  and information about how to  seek access to DAA treatment upon release through Medicaid or other state or local programs.

**G. Release**

18.     The Plaintiff, Robert Barfield individually, and on behalf of the class, hereby executes the following General  Release:

> The plaintiff, ROBERT BARFIELD, individually and on behalf of the class, their heirs, beneficiaries, successors and assigns, for and in consideration of the payment of the proceeds of this settlement, and other valuable considerations, the receipt of which is hereby acknowledged, does herewith

8

release and forever discharge the defendant, Rollin Cook, Commissioner of

the  Department  of Correction, the State of Connecticut, all agencies of the

State of Connecticut all present and former officers, employees and agents

of the State of Connecticut, (including all current and former employees of

the State of Connecticut, Department of Correction and the University of

Connecticut Health Center, and Correctional Managed Health Care), in

both their official and individual capacities, their heirs, successors and

assigns, from all actions, causes of action, suits, claims, controversies,

damages and demands of every nature and kind, including attorneys' fees

and costs, monetary and equitable relief, which the plaintiff, its heirs,

successors and assigns ever had, now have or hereafter can, shall or may

have for, upon, or by reason of any matter, cause or thing whatsoever from

the beginning of the world to April 1, 2020, including but not limited to acts

arising out of, or in any way related to the incidents or circumstances which

formed the basis for the above-captioned lawsuit, including such actions as

may have been or may in the future be brought in the federal courts, the

courts of the State of Connecticut, any state or federal administrative

agency or before the Claims Commissioner pursuant to Conn. Gen. Stat.§

4-141, et seq. Said release of liability includes, but is not limited to, the suits

identified above as well as all causes of action alleging violations of the

plaintiff's state and federal constitutional rights, rights arising under the

statutes and laws of the United States and/or the State of Connecticut, and

such causes of action as may be available under the common law.

9

**H. No Admission of Liability**

19.        The Parties represent and warrant to each other that the parties specifically

understand and agree that this Agreement is a settlement and compromise of their

differences to resolve any and all claims that were raised or could have been raised

in this action and is a compromise of disputed claims without any adjudication of

the rights, claims and defenses of the parties.

20.        The existence of this Agreement or any payment made hereunder shall not

be construed as an admission of liability or of the truth of the allegations, claims, or

contentions of any party, and that there are no covenants, promises, undertakings,

or understandings between the parties outside of this Agreement except as

specifically set forth herein.

21.        This  Settlement Agreement shall not be incorporated into any judgment of

the Court. To the contrary, this is a settlement agreement which the parties

respectfully submit is a fair, reasonable and adequate resolution of this case

**I. Representations and Voluntary Actions**

22.        The Parties represent, warrant, and agree that each has been represented

by his, her, or its own counsel, that they have each thoroughly read and understood

the terms of this Agreement, conferred with their respective attorneys on any

questions in regard to this Agreement, and have voluntarily entered into this

Agreement to resolve all differences as stated herein.

23.        The parties further represent and agree that this Agreement  cannot be

submitted to the Court for final approval and a Fairness Hearing, and shall not in

any way be effective unless and  until after it has been approved by the Connecticut

General Assembly pursuant to the provisions of Conn. Gen. Stat. §3-125a,  and

signed by all parties or their counsel.

24.        The Parties acknowledge and agree that this Agreement represents the full

and complete agreement of the Parties and that this Agreement supersedes and

replaces any prior agreements, whether oral or written except orders of court

extended in suit which shall survive. Any amendments or modifications of this

Agreement, including to this sentence, must be in writing and executed by both

parties to be effective.

### J.   Preliminary Approval

25.        As soon as practicable pending approval by the General Assembly, and

execution of this Agreement, and the parties shall jointly apply to the Court for a

preliminary order:

a.        Granting Preliminary Approval of this Agreement for purposes of

disseminating notice to current DOC prisoners who are Class Members;

b.        Directing counsel for the parties to meet and confer  to draft both the

Motion for Order of Notice and the Notice to the class, and to attempt to reach

an agreement as to the form, contents, and dissemination of the Notice of this

Agreement to current DOC prisoners who are Class Members; and

c.        As soon as reasonably practicable, after approval by the general

Assembly, and  due to the present  Covid-19 health emergency and the General

Orders of this Court, file a Joint Motion seeking a fairness hearing pursuant to

11

Fed. R. Civ. P. 23(e)(2) to review comments and/or objections regarding this Agreement, consider the fairness, reasonableness, and adequacy of this Agreement, and consider whether the Court should order the Final Approval of this Agreement.

### K.  Final Approval

26.        This Agreement shall be subject to the final approval of the Court. The parties shall cooperate in presenting this Agreement to the Court for final approval and/or at any hearing under Rule 23(e) of the Federal Rules of Civil Procedure. If the Court does not grant final approval, this Agreement shall be null and void and of no force and effect, and nothing herein shall be deemed to prejudice the position of any party with respect to the Action or otherwise, and neither the existence of this Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be admissible evidence, referred to for any purpose in the Action or in any other litigation or proceeding, or construed as an admission, presumption, or concession by any Defendant of any liability or the truth of any of the allegations in the Action.

### L.  Stipulated Dismissal

27.        The parties shall jointly sign and file a Rule 41 Stipulated Dismissal of this action, with prejudice and without costs, together with their motion for an Order to Give Notice, and for a fairness hearing, pursuant to Rule 23 Fed. R. Civ. P.

28.        Throughout the duration of the Agreement the parties agree to resolve disputes and plaintiffs may seek to enforce the Agreement only pursuant to Section

C, *supra*. The parties understand and agree that, if approved, and the Court consents, the Court will maintain jurisdiction of this civil action throughout the duration of the Agreement to resolve any disputes which cannot be amicably resolved between the parties pursuant to the Dispute Resolution procedures set forth above in Section C of this Agreement. If the parties are unable to resolve any such disputes, with the assistance of the Settlement Judge, despite the Stipulated Dismissal, the Court may retain jurisdiction to enforce the provisions of the Agreement and that the Plaintiffs may seek  specific performance of the Agreement,  only, pursuant to Section C, supra.

29.        The parties also agree that, if the Court approves this Agreement, after Notice to the class, and a fairness hearing pursuant to Fed. R. Civ. P. Rule 23, the Court will Order a dismissal with prejudice pursuant to Fed. R. Civ. P. Rule 41 (a), and will not incorporate this Agreement into any Order of Dismissal, but will nevertheless remain available to the parties to resolve disputes, and if necessary to Order specific performance, after all of the procedures of Section C, *supra,* have been exhausted.

## M.  Termination of this Agreement

30.        This Agreement terminates March 1, 2022 without any further action by the parties, and may not be extended without the consent of all parties. The Agreement, and all rights and obligations arising thereunder, shall terminate and shall no longer be enforceable on or after March 1, 2022.

31.        Upon termination, without the need for any further order of any state or federal court, all jurisdiction of any court shall end. In the event any motions or proceedings are

13

pending on or after March 1, 2022, the Court shall be bound to dismiss any such

motions or proceedings as the court's jurisdiction shall have been terminated.

PLAINTIFFS
Robert Barfield, et al.

DEFENDANT
Angel Quiros, Commissioner,
Connecticut Department of
Correction

WILLIAM TONG
ATTORNEY GENERAL

By:_____/s/_____
Kenneth J. Krayeske
Kenneth J. Krayeske Law Offices
255 Main Street, 5th flr.

Hartford, CT  06106
C: 860-995-5842
F: 860-760-6590
attorney@kenkrayeske.com

By:_____/s/_____
Terrence M. O'Neill
Assistant Attorney General
Federal  Bar #ct10835
110 Sherman St.
Hartford, CT 06105
Tel. 860-808-5450
Fax: 860-808-5591
terrence.oneill@ct.gov

By:_____/s/_____
DeVaughn Ward
Ward Law LLC
255 Main Street, 5th flr.
Hartford, CT 06106
Tel: 860-351-3047
Email: dward@attyward.com

By:_____/s/_____
Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct01211
Tel.:  (860) 808-5450
Fax:  (860) 808-5591
E-mail: steven.strom@ct.gov

IN WITNESS HEREOF, the parties hereto have executed this Agreement
effective after legislative approval, Notice to the Class and after a fairness
hearing, upon a finding that the foregoing is fair, reasonable and adequate. It is
hereby approved by the Court.

   APPROVED AND SO ORDERED.


   Dated: __ __ __ __ __ __ __ __ __ __                    _____

14

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT BARFIELD, et al. | ) | Civ. No 3:18-CV-1198(MPS)(SALM) |
| Plaintiffs | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| Angel Quiros, | ) | |
| Defendant, in his official capacity    as | ) | |
| Commissioner,  Connecticut | ) | |
| Department of Correction | ) | NOVEMBER 6, 2020 |

### <u>RULE 41 STIPULATION FOR DISMISSAL WITH PREJUDICE</u>

The parties hereby  stipulate,  pursuant  to Rule 41(b) Fed.  R.   Civ.  P., that

the above referenced action may be dismissed with prejudice and without  costs.


PLAINTIFFS                                                DEFENDANT
Robert Barfield, et                                       Angel Quiros
al.

                                                          WILLIAM TONG
                                                          ATTORNEY GENERAL



By: _____/s/_____                    By: _____/s/_____
Kenneth J. Krayeske                           Terence M. O'Neill
Devaughn Ward                                  Steven  R. Strom
255 Main Street, 5th Fl                        Assistant Attorneys General
P: 860-995-5842                                110 Sherman St.
F: 860-760-6590                                 Hartford, CT 06105
E: ken@kenkrayeske.com                      Tel. 860-808-5450
E: dward@attyward.com                          Fax: 860-808-5591
                                                Email: terrence.oneill@ct.gov
                                                Email: steven.strom@ct.gov